1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  GRETCHEN K. BUECHSENSCHUETZ, State Bar
   No. 208892
3  Supervising Deputy Attorney General
   LEENA M. SHEET, State Bar No. 235415
4  Deputy Attorney General
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 269-6023
6    Fax:  (213) 897-1071
     E-mail:  Leena.Sheet@doj.ca.gov
7  *Attorneys for Defendants*
   *J. Dunnahoe, R. Valverde, S. Foster, A. Cantu,*
8  *V. White, M. Crotty and C. Gonzales*

9
   LAURIE WILMORE, State Bar No. 162610        MEREDITH FAHN, State Bar No. 154467
10 P.O. Box 1174                                1702-L Meridian Ave. #151
   101 S. Santa Cruz Ave. #1174                 San Jose, CA  95125
11 Los Gatos, CA 95031                          PHONE  (408) 947-1512
   PHONE  (650) 867-3546                        EMAIL:  fahn@sbcglobal.net
12 FAX      (650) 230-1146
   EMAIL:  lwilmore@rocketmail.com              Attorneys for Plaintiff
13                                              DOUGLAS JEROME STEVENSON
   Attorneys for Plaintiff
14 DOUGLAS JEROME STEVENSON

15
                    IN THE UNITED STATES DISTRICT COURT
16
                    FOR THE EASTERN DISTRICT OF CALIFORNIA
17

18

19

20 | **DOUGLAS J. STEVENSON,**       | 1:16-CV-01831-AWI-JLT
21 |                      Plaintiff, | **[PROPOSED] PROTECTIVE ORDER ON STIPULATION AND CONFIDENTIALITY AGREEMENT**
22 |              v.                 |
23 |                                 | (Doc. 47)
24 | **K. HOLLAND, et al.,**         |
25 |                     Defendants. |

26

27

28

Plaintiff Douglas J. Stevenson ("Plaintiff") and California Department of Correction and Rehabilitation Defendants A. Cantu, M. Crotty, J. Dunnahoe, S. Foster, C. Gonzales, R. Valverde and V. White ("Defendants") (inclusively, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree to the following Confidentiality Agreement and Protective Order:

1. In the course of this litigation, the Parties to the above-entitled action may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, and/or confidential information of another party or third party.

2. The Parties agree that public disclosure of such information may prejudice the Parties' rights by, among other things, revealing confidential information that is not otherwise public, such as employment information, confidential portions of Plaintiff's prison records, and other information.

3. The records identified below are designated as "Confidential Material" and may be only disclosed in this action subject to protective order and this agreement:

    a. California Department of Correction and Rehabilitation ("CDCR") records regarding the internal investigation into the use of force on Plaintiff. All birthdates, social security numbers, home and work addresses, drivers' license numbers, home and work telephone numbers, and third party witnesses will be redacted.

    b. Records regarding processes, operations, investigations, or other information relating to the CDCR, disclosure of which may have the effect of causing harm to the safety and security of prison officials, the public, or Defendants. This includes, but is not limited to, institutional records, maps and diagrams, photographs, audio or video recordings, witness statements, SMS or text messages, and emails and other written correspondence. Confidential information is also personal information of Defendants, including, but not limited to home address, social security number, telephone number, email address, names or identifying information of family members, the disclosure of which places the safety of Defendants, who are current and former peace officers, and their family members at risk. Confidential

2

[~~Proposed~~] Protective Order on Stipulation and Confidentiality Agreement (1:16-CV-01831-AWI-JLT)

information also includes all personal identifying information of any current or former CDCR employee, and any third party entitled to confidential protection of personal identifying information under California and/or applicable federal law. All birthdates, social security numbers, home and work addresses, drivers' license numbers, home and work telephone numbers, information about family members, and third party witnesses will be redacted.

    c. Personnel records relating to the training and qualifications of Defendants, including but not limited to training records, any records of complaints pertaining to excessive use of force, or discipline records. All personal identifying information such as birthdates, home addresses, home telephone numbers, social security and drivers' license numbers, and information about family members, will be redacted. Irrelevant personnel records will not be produced.

    d. CDCR Use of Force Manuals and Operational Procedures.

    e. Confidential portions of Plaintiff's prison records.

4. Confidential Material may not be disclosed except as set forth in paragraphs 5, 6 and 7.

5. Confidential Material may be disclosed only to the following persons:
   a. Counsel for any party to this action;
   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 5a.
   c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;
   d. Any outside expert or consultant retained in connection with this action and not otherwise employed by any party;
   e. Any "in house" expert designated by Defendants to testify at trial in this matter;
   f. Witnesses, other than the Plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of

3

paragraphs 6 and 7. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    g. Any neutral evaluator or other designated ADR provider;

    h. CDCR, its representatives and counsel;

    i. The jury, should this matter go to trial.

6. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order. As counsel for Defendants, the California Office of the Attorney General herein shall be entitled to retain possession of the original writings described above. Nothing in this paragraph 6 is intended to prevent officials or employees of the CDCR or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the CDCR or other law enforcement with respect to what she/he saw, heard, or otherwise sensed. The Plaintiff's expert(s) or consultant(s) must sign an "Acknowledgement and Agreement to be Bound," by the terms of this Agreement and protective order (Exhibit A), an executed copy of which will be provided to Defendants' counsel (i.e., the California Office of the Attorney General) within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation. A copy of the "Acknowledgement and Agreement to be Bound," is attached as Exhibit A.

7. Within sixty days after the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order

4

(including any copies made) shall be returned to counsel for Defendants (i.e., the California Office of the Attorney General). Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) is returned to counsel for Defendants (i.e., the California Office of the Attorney General).

8. In the event that any party wishes to file Confidential Material with the court, as an exhibit to a pleading or otherwise, the filing party shall first seek an order to file under seal pursuant to Local Rule 141. The Request to Seal documents shall refer to this stipulation and protective order.

9. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 3, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

10. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order. The party making the motion must comply with all meet and confer requirements of the Court.

11. Stipulation to this Confidentiality Agreement and protective order does not constitute a waiver of any objections, including but not limited to, to any discovery on the grounds of relevance, overbreadth, undue burden, equal access, admissibility, materiality, attorney-client privilege, attorney work product, official information privilege, deliberate process privilege, investigative privilege, law enforcement privilege, privileges pursuant to California Penal Code sections 832.7 and 832.8, Evidence Code sections 1040, 1043, and 1045, Government Code section 6250 et seq., California Code of Regulations, Title 15, sections 3321 and 3370, Peace Officers Bill of Rights, Government Code section 3300, et seq., Information Practices Act of 1977, Civil Code sections 1798 *et seq*, HIPAA, and federal and state privacy laws.

5

12. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose or in any other lawsuit, related or otherwise.

13. Violation of the terms of this protective order may subject a party, and any signatories who violate the protective order including any party's experts or consultants, to any and all permissible sanctions, including dismissal.

**IT IS SO STIPULATED.**

I, Leena M. Sheet, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

Dated: October 25, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General

By: /s/ Leena M. Sheet

LEENA M. SHEET
Deputy Attorney General
*Attorneys for Defendants
J. Dunnahoe, R. Valverde, S. Foster, A. Cantu, V. White, M. Crotty and C. Gonzales*

Dated: October 25, 2018

/s/ Laurie Wilmore
LAURIE WILMORE

By: /s/ Meredith Fahn
MEREDITH FAHN

Attorneys for Plaintiff
DOUGLAS JEROME STEVENSON

# **ORDER**

Based upon the stipulation of the parties, the Court **GRANTS** the stipulated protective order. In doing so, the Court reminds the parties that this protective order does not assure that any of the materials protected will be sealed by the Court in the event a party wishes to file them. Rather, they must comply with Local Rule 141 and meet the legal standard for sealing.

IT IS SO ORDERED.

Dated: **October 26, 2018**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and Confidentiality Agreement that was issued by the United States District Court for the Eastern District of California on _____ in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

1