# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS J. STEVENSON,<br><br>    Plaintiff,<br><br>v.<br><br>K. HOLLAND, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01831-AWI-JLT<br><br>ORDER SETTING SETTLEMENT CONFERENCE ON MARCH 22, 2019 |

Douglas Stevenson (BD-5888) is a state prisoner proceeding through counsel with this civil rights action filed pursuant to 42 U.S.C. § 1983. The court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to a magistrate judge to conduct a settlement conference at the California State Prison, Los Angeles County (CSP-LAC), 44750 60th Street West, Lancaster, CA 93536 on March 22, 2019, at 9:00 a.m. Thus, the Court **ORDERS**:

1. This case is set for a settlement conference before a federal magistrate judge on March 22, 2019, at CSP-LAC;
2. A representative with the authority to negotiate and enter into a binding settlement shall attend in person[1];

---

[1] Though the exercise of its authority is subject to abuse of discretion, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." <u>United States v. United States District Court for the Northern Mariana Islands</u>, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has

1

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date;

4. **At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[2] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, **no later than 14 days before** the settlement conference, Defendant **SHALL** respond via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

5. Parties shall provide confidential settlement statements to the following email address: spark@caed.uscourts.gov. Settlement statements shall arrive no later than March 15, 2019. Parties shall also file a <u>Notice of Submission of Confidential Settlement Statement</u> (See Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

---

broad authority to compel participation in mandatory settlement conference[s]."). The individuals attending the mediation conference must be authorized to fully explore settlement options and to agree to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have the ability to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with appropriate settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

[2] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing the settlement conference via stipulation.

6. The confidential settlement statement shall be typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

7. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at CSP-LAC via facsimile at (661) 729-6994.

IT IS SO ORDERED.

Dated: **February 1, 2019**          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE