|     |     |     |
| --- | --- | --- |
| 1   | **UNITED STATES DISTRICT COURT** | |
| 2   | **EASTERN DISTRICT OF CALIFORNIA** | |

| **DOUGLAS J. STEVENSON,** | **CASE NO. 1:16-CV-01831-AWI-JLT** |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST TO SEAL** |
| **K. HOLLAND** *et al.*, | (Doc. No. 82) |
| Defendants. | |

Plaintiff filed a "Notice of Request to Seal Documents" (hereinafter "Notice"), see Doc. No. 82, pursuant to Local Rule 141(b). In conjunction with filing the Notice, Plaintiff submitted with the Court a "Request to Seal Documents" (hereinafter "Request") pursuant to Local Rule 141(b). The Notice and Request ask the Court to seal several documents that Plaintiff wants to use in support of his opposition brief to Defendants' summary judgment motion. In the Notice and Request, Plaintiff's only stated basis for sealing the documents is that the documents are covered by a stipulated protective order in this lawsuit. See Doc. No. 48 (stipulated protective order).

The Court will deny without prejudice Plaintiff's Request. This is because Plaintiff failed to show that sealing the documents is warranted. All documents filed with the Court are presumptively public. San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption. Id.

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents

attached to summary judgment briefs, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as some discovery documents:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); see also Ctr. for Auto Safety, LLC, 809 F.3d at 1098; Pintos, 605 F.3d at 677.

As the Ninth Circuit has stated, a blanket protective order does not by itself demonstrate good cause, let alone compelling reasons, for sealing specific information and documents. See Kamakana, 447 F.3d at 1183 ("Although the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States . . . ."); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."); San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist., 187 F.3d 1096, 1103 (9th Cir. 1999); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Further, because the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed.R.Civ.P. 26(c) of the need for protection of the deposition transcripts in the first place. Nor does it allege specific prejudice or harm now. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted); see also Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection.") (citations omitted).

Plaintiff should have been tipped-off to the foregoing legal standard by the stipulated protective order, wherein the Court told the parties that "this protective order does not assure that

2

any of the materials protected [by the protective order] will be sealed by the Court in the event a party wishes to file them. Rather, [the parties] <u>must comply with Local Rule 141 and meet the legal standard for sealing</u>." Doc. No. 48 at 7 (emphasis added). Local Rule 141(a) states that "[d]ocuments may be sealed only by written order of the Court, <u>upon the showing required by applicable law</u>." L.R. 141(a) (emphasis added). Local Rule 141(b) states that the sealing request must "<u>set forth the statutory or other authority for sealing</u>, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."[1] L.R. 141(b) (emphasis added).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Request to Seal Documents is DENIED;
2. Pursuant to Local Rule 141(e)(1), the Clerk of Court shall RETURN to Plaintiff the documents for which sealing has been denied.

IT IS SO ORDERED.

Dated: November 13, 2019

_____
SENIOR DISTRICT JUDGE

---

[1] In the event that a party files a subsequent request to seal in this lawsuit, the party is advised that <u>all</u> of the sealing procedures outlined in Local Rule 141 — which are specific and serve important judicial purposes — must be followed with <u>precision</u>.