# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS J. STEVENSON,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HOLLAND *et al.*,<br><br>        Defendants. | CASE NO. 1:16-CV-01831-AWI-JLT<br><br>**ORDER GRANTING REQUEST TO LIFT PROTECTIVE ORDER FOR CERTAIN DOCUMENTS**<br><br>(Doc. No. 86) |

## I. Introduction

This lawsuit is about a prisoner, Plaintiff Douglas Stevenson, who allegedly was physically abused by prison officers on November 11, 2012, and December 7, 2012. Plaintiff sued the prison officers for cruel and unusual punishment, assault, battery, and negligence. During discovery the parties entered into a stipulated protective order, which the Court issued. See Doc. No. 48. The protective order permits the parties to designate certain materials as "Confidential," and the protective order largely precludes the parties from publicly disclosing materials designated as "Confidential."

Defendants recently moved the Court for summary judgment. In opposing Defendants' summary judgment motion, Plaintiff wants to publicly file certain "Confidential" documents. Accordingly, Plaintiff has asked the Court to lift the protective order's applicability to the documents at issue. For the reasons discussed herein, the Court will grant Plaintiff's request.

## II. Plaintiff's Request to Lift the Protective Order

Plaintiff has six "batches" of documents that he wants to publicly file in conjunction with his opposition to Defendants' summary judgment motion:

1) "Exhibit AA," which is a document from the prison that shows the bed history and cell locations of inmates on December 7, 2012.

2) "Exhibit BB," which are documents from the prison that report and summarize the

use-of-force incident with Plaintiff on December 7, 2012. Also included is the prison's "Use of Force Participant Workbook."

3) "Exhibit CC," which are excerpts of Defendant M. Crotty's deposition transcript in this lawsuit. Defendant M. Crotty is one of the prison officers who allegedly abused Plaintiff.

4) "Exhibit DD," which are documents about use-of-force incidents on March 13, 2014, and December 26, 2014, involving Defendant M. Crotty and another prisoner (i.e., not Plaintiff). The documents include information about the prison's response to the use-of-force incidents, including disciplinary action imposed on Defendant M. Crotty.

5) "Exhibit V-2," which is a supplemental expert report from plaintiff's use-of-force expert, Daniel Fulks, that discusses Defendant M. Crotty's disciplinary history with the prison and his involvement in the use-of-force incident on March 13, 2014, including his reporting obligations for the use-of-force incident and his alleged failure to fulfill those obligations. Fulks relied on Exhibits AA, BB, CC, and DD to form the opinions in his supplemental expert report.

6) Plaintiff's unredacted memorandum of points and authorities in opposition to Defendants' summary judgment motion. The memorandum discusses some of the information in Fulks' supplemental expert report, Exhibit V-2, about Defendant M. Crotty.

Plaintiff argues that the protective order should be lifted as to the foregoing documents because, first, the documents are material to Plaintiff's claims and, second, there is no compelling reason or good cause for keeping the documents sealed from the public. Plaintiff also correctly notes that since Defendants want the documents sealed, then the burden is on Defendants to show either compelling reasons or good cause for keeping the documents sealed from the public.

Defendants oppose Plaintiff's request, arguing that the documents should remain subject to the protective order and sealed from the public because the documents are irrelevant to Defendants' summary judgment motion. According to Defendants, Plaintiff's "only reason" for

publicly filing the documents is to "promote public scandal and satisfy the private spite that Plaintiff may hold against Defendants." Doc. No. 88 at 10.

### III. Legal Standard

All documents filed with the Court are presumptively public. San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted).

Two standards generally govern the sealing of documents filed with the Court: the "compelling reasons" standard for materials directly related to the underlying causes of action, such as documents attached to summary judgment briefs, and the lesser "good cause" standard for materials only tangentially related to the underlying causes of action, such as some discovery documents:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted).

The compelling reasons standard "derives from the common law right to inspect and copy public records and documents, including judicial records and documents." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (citations omitted). "To limit this common law right of access, a party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." Id. (citations omitted). In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (citations omitted). However, "[t]he mere fact that the production of records may

3

1 lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without
2 more, compel the court to seal its records" under the compelling reasons standard. Id.

3 The good cause standard "comes from Rule 26(c)(1), which governs the issuance of
4 protective orders in the discovery process." Ctr. for Auto Safety, LLC, 809 F.3d at 1097. Rule
5 26(c) states that the court "may, for good cause, issue an order to protect a party or person from
6 annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The
7 good cause standard under Rule 26(c) asks "whether 'good cause' exists to protect the information
8 from being disclosed to the public by balancing the needs for discovery against the need for
9 confidentiality." Pintos, 605 F.3d at 678. "Broad allegations of harm, unsubstantiated by specific
10 examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v.
11 Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). The good cause standard "presents a lower
12 burden for the party wishing to seal documents than the 'compelling reasons' standard," and this is
13 because the "cognizable public interest in judicial records that underlies the 'compelling reasons'
14 standard does not exist for documents produced between private litigants." Pintos, 605 F.3d at
15 678.

16 As the Ninth Circuit has stated, a blanket protective order does not by itself demonstrate
17 good cause, let alone compelling reasons, for sealing specific information and documents. See
18 Kamakana, 447 F.3d at 1183 ("Although the magistrate judge expressly approved and entered the
19 protective order, the order contained no good cause findings as to specific documents that would
20 justify reliance by the United States . . . ."); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d
21 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective
22 order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any
23 particular document."); San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist., 187 F.3d 1096,
24 1103 (9th Cir. 1999); Beckman Indus., Inc., 966 F.2d at 476 ("Further, because the protective
25 order was a stipulated blanket order, International never had to make a 'good cause' showing
26 under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the first place.
27 Nor does it allege specific prejudice or harm now. Broad allegations of harm, unsubstantiated by
28 specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted);

see also Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection.") (citations omitted).

The protective order in this lawsuit clearly states that "this protective order does not assure that any of the materials protected [by the protective order] will be sealed by the Court in the event a party wishes to file them." Doc. No. 48 at 7 (emphasis added). The protective order further states that any party may "apply to the Court for an order removing the Confidential Material designation from any document." Id. It is pursuant to this latter provision of the protective order that Plaintiff seeks to remove the "Confidential" designation of the documents at issue.[1]

## IV. Discussion

Defendants failed to demonstrate that the documents at issue warrant sealing under either the good cause standard or compelling reasons standard. Even if the Court were to assume that the lesser good cause standard applies here, Defendants have nonetheless failed to demonstrate that the public disclosure of the documents will cause a sufficient level of annoyance, embarrassment, oppression, undue burden, or expense. In fact, Defendants did not even earnestly attempt to make this argument: Defendants focused solely on the issue of relevance.[2] The closest Defendants came to actually wrestling with the good cause standard was to baldly assert that Defendant M. Crotty "is entitled to privacy with regard to his employment and personnel records." Doc. No. 88 at 10.

---

[1] Defendants argue that Plaintiff failed to meet and confer with Defendants prior to asking the Court to lift the protective order, as is required by the protective order and the Court's Local Rules for discovery disputes. As for the meet-and-confer requirements under the Local Rules, the Court does not consider the issue of sealing or unsealing documents attached to a summary judgment brief to be a discovery dispute. As for the meet-and-confer requirement of the protective order, the protective order is ambiguous. Paragraph 10 of the protective order states that the "party making the motion must comply with all meet and confer requirements of the Court," but the protective order does not specify the meaning of "motion," and arguably the term "motion" refers only to the protective order's reference to a motion to compel "production of documents or modification of [the protective] order," which would be a discovery dispute motion. Doc. No. 48 at ¶ 10. However, moving forward in this lawsuit, the Court will construe the protective order's meet-and-confer requirement to apply to any motion or application referenced in Paragraph 10 of the protective order, which would include a motion to lift the protective order as to materials previously designated as "Confidential."

[2] Defendants failed to convince the Court that the documents lack any relevance to the merits of this lawsuit. In turn, Defendants also failed to convince the Court that the "only reason" for disclosing the documents is to "promote public scandal" and appease Plaintiff's spite towards Defendants. Doc. No. 88 at 10.

But that assertion both misses the mark of Rule 26(c) and fails to offer specific examples or articulated reasoning of specific harm or prejudice that will befall Defendant M. Crotty if the documents become public.  See Beckman Indus., Inc., 966 F.2d at 476.

Consequently, because Defendants failed to provide the Court with a proper basis for sealing the documents from the public, the Court will grant Plaintiff's request to lift the protective order as to the documents.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to lift the protective order as to the documents identified supra is GRANTED;

2. Plaintiff shall file the documents identified supra no later than December 9, 2019, at 4:00 p.m.  Plaintiff's filing shall make clear that the documents are being filed in response to this order and in conjunction with Plaintiff's opposition (Doc. No. 80) to Defendants' summary judgment motion.

IT IS SO ORDERED.

Dated:   December 6, 2019                      _____
                                                SENIOR  DISTRICT  JUDGE