# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| STEVENSON, | CASE NO. 1:16-CV-01831-AWI |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO WITHDRAW WITH CONDITIONS** |
| HOLLAND, et al., | (Doc. No. 219) |
| Defendant. | |

Plaintiff Douglas Stevenson filed this action through his counsel of record, Laurie Wilmore and Meredith Fahn ("Plaintiff's Counsel") on December 6, 2016, seeking damages under 42 U.S.C. § 1983 and state law for harms allegedly suffered during his incarceration at the California Correctional Institute ("CCI") in Tehachapi, California. Doc. No. 1. Now before the Court is a motion filed by Wilmore and Fahn to withdraw as Stevenson's counsel. Doc. No. 219.

## BACKGROUND

Wilmore and Fahn state in declarations supporting their motion that their fee agreement with Stevenson provides that Stevenson may discharge them at any time; that Stevenson discharged them on February 5, 2022; and that Stevenson informed them on February 5, 2022 (and reaffirmed on February 6 and 7, 2022) that he wishes to represent himself at trial in this matter. Doc. No. 219 at 3:1-4. Further, Wilmore and Fahn state that "in view of the communication by which [Stevenson] discharged them, they now cannot carry out this representation effectively, even if [] Stevenson were to retract his discharge of counsel." Id. at 3:14-17. The motion further provides a cell phone number and email address for Stevenson but states that Plaintiff's Counsel do not have a physical or mailing address for him. Id. at 3:23-24.

On February 17, 2022, Defendants M. Crotty, C. Gonzales and A. Cantu—the sole remaining Defendants in the case—filed a statement of non-opposition to the motion. Doc. No. 221.

The Court held a telephonic hearing on the motion on February 22, 2022. Doc. No. 222. Wilmore and Fahn were present telephonically, as were Stevenson and counsel for the defense, Giam Nyguyen and Kandace Jung. Id.

Plaintiff's Counsel stated that they had furnished Stevenson with a copy of the motion to withdraw via email and text message. Stevenson stated that he had not received a copy. The Court informed Stevenson that the hearing could be continued until after Stevenson had received a copy of the motion. Further, the Court advised Stevenson that the Court could not appoint replacement counsel in a civil action such as this; that it might not be possible for Stevenson to retain counsel once trial commenced; and that Stevenson would be required to comply with all rules governing civil actions this Court if he elected to proceed pro se. Stevenson stated that he wished to proceed with the hearing on the motion to withdraw and that he wished to represent himself in this action henceforth. Stevenson also stated that he could be ready to proceed with trial as early as April 8, 2022, if the motion to withdraw were granted.

## **LEGAL FRAMEWORK**

The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. McCoy v. Holguin, 2021 WL 4846242, at *1 (E.D. Cal. Sept. 27, 2021). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Desai v. Lincoln Nat'l Life Ins. Co., 2020 WL 8181518, at *1 (E.D. Cal. Aug. 24, 2020) (quoted source and internal quotation marks omitted).

In addition, Local Rule 182(d) of the Eastern District of California states:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the

> attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

In short, where, as here, withdrawal would leave a client without representation in the Eastern District, withdrawal is governed by the Rules of Professional Conduct of the State Bar of California ("California Rules of Professional Conduct") and subject to various requirements relating to notice and such. See Desai, 2020 WL 8181518, at *2.

Subject to Rule 1.16(c),[1] Rule 1.16(a)(4) of the California Rules of Professional Conduct provides that counsel shall withdraw when discharged by a client and Rule 1.16(b)(4) provides that counsel may withdraw where a client makes it "unreasonably difficult" to provide effective representation. Cal. R. Prof. Conduct 1.16(a)(4), (b)(4). Rule 1.16(c), for its part, requires attorneys to seek leave to withdraw where forum rules so require, and Rule 1.16(d) prohibits counsel from withdrawing without first taking "reasonable[] steps"—such as furnishing case materials to the client, refunding unearned fees and allowing the client time to retain new counsel—to avoid prejudice to the rights of the client. Id. 1.16(c)-(e).

Whether to grant or deny a motion to withdraw as counsel is within the court's discretion. Campbell v. Obayashi Corp., 424 F. App'x 657, 658 (9th Cir. 2011); LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998). Determining whether to grant a withdrawal of counsel "involves a balancing of the equities," McClain v. Am. Credit Resol., Inc., 2020 WL 8619963, at *2 (E.D. Cal. Apr. 6, 2020), and leave to withdraw may be "subject to such appropriate conditions as the Court deems fit." L.R. 182(d)

## **DISCUSSION**

Wilmore and Fahn have shown that they have been discharged by Stevenson and the Court sees no reason not to conclude that it has become unreasonably difficult to provide effective representation. See Aceves v. Superior Court, 51 Cal. App. 4th 584, 592 (1996) (accepting counsel's good faith representations regarding reasons for withdrawal), Stevenson has been apprised of—and accepted—challenges associate with proceeding pro se and nonetheless affirmed to the Court at the February 22, 2022 hearing that he wishes to

---

[1] Unless otherwise indicated, "Rule" as used herein refers to the California Rules of Professional Conduct.

1 act as his own counsel. See Faretta v. California, 422 U.S. 806, 812 (1975) (recognizing
2 longstanding right of self-representation under federal law). Moreover, it does not currently
3 appear that withdrawal will cause inordinate delay, and in any event, none of the parties has
4 expressed opposition to continuing the trial to accommodate withdrawal, if need be. The
5 Court therefore finds, "balancing the equities," that the motion to withdraw should be
6 granted. See McClain, 2020 WL 8619963 at *2.

7      One issue that still requires resolution, however, has to do with the transfer of
8 records from Plaintiff's Counsel to Stevenson. That involves both the logistics of delivering
9 the records—which Stevenson has requested to receive in hard copy—and the handling of
10 records that fall under the "Confidential Material" designation in the Stipulated Protective
11 Order issued on October 26, 2018, which Stevenson is arguably not permitted to see under
12 the Stipulated Protective Order in its current form. See Doc. No. 48.

13      The Court has set a telephonic status conference to address the handling of
14 "Confidential Material" for March 14, 2022, see Doc. No. 22, and directed Plaintiff's
15 Counsel and Defendants' counsel to file letter briefs setting forth their respective positions
16 on the issue before then. The Court will therefore grant the motion to withdraw on the
17 condition that Wilmore and Fahn provide representation to Stevenson in connection with the
18 question of his access to "Confidential Material" until the matter is resolved by Court order.

19      As to the turning over of client materials, Wilmore and Fahn will immediately
20 provide to Stevenson in hard copy all materials that are not "Confidential Material" under
21 the Stipulated Protective Order. The logistics of turning over whatever "Confidential
22 Material" the Court finds Stevenson is entitled to see (if any) will be addressed in a later
23 order, after the question of Stevenson's access to "Confidential Material" has been resolved.

24      Finally, Local Rule 182(d) states that a withdrawing attorney "shall provide an
25 affidavit stating the current or last known address or addresses of the client." L.R. 182(d).
26 Plaintiff's Counsel are unable to comply with that requirement because Stevenson, by his
27 own account, did not have a physical address or mailing address as of the February 22, 2022
28 hearing. The Court will therefore direct Stevenson to provide a mailing address to the Court

within seven days of this order. If Stevenson is unable to provide a mailing address in a timely fashion, he may raise with the Court (at the March 14, 2022 status conference or otherwise) the possibility of service via email. Plaintiff's Counsel will be ordered to continue to accept service on Stevenson's behalf until a means of serving Stevenson directly has been established or until Plaintiff's Counsel is otherwise directed by the Court. See Frazier v. Am. Credit Resol., Inc., 2019 WL 3554505, at *2 (N.D. Cal. Aug. 5, 2019) (granting leave to withdraw subject to condition that counsel continue to accept service on client's behalf for limited period).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to withdraw (Doc. No. 219) is GRANTED subject to the following conditions:
    a. Wilmore and Fahn shall continue to represent Stevenson in litigating the question of Stevenson's access to "Confidential Material," as that term is defined in the October 26, 2018 Stipulated Protective Order (Doc. No. 48), until the Court issues an order deciding the question or they are otherwise directed by the Court;
    b. Wilmore and Fahn will continue to accept service on Stevenson's behalf until a means of serving Stevenson directly has been established or they are otherwise directed by the Court;
2. Aside from the foregoing conditions for withdrawal, neither Wilmore nor Fahn have any duty or authority to act for Stevenson in this case;
3. Stevenson will provide the Court with his mailing address by mail within seven days of the date of this order;
4. If Stevenson is unable to provide a mailing address to the Court, he may raise with the Court the possibility of service by email;
5. Wilmore and Fahn will immediately provide to Stevenson in hard copy all client materials pertaining to this case that do not fall under the "Confidential Material"

designation in the Stipulated Protective Order;

6. The turning over of "Confidential Material" to Stevenson by Wilmore and Fahn will be addressed in a separate order once the Court determines the extent, if any, to which Stevenson is entitled to access "Confidential Material."

IT IS SO ORDERED.

Dated: February 24, 2022

SENIOR DISTRICT JUDGE