# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVENSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOLLAND, et al.,<br><br>　　　　　Defendant. | CASE NO. 1:16-CV-01831-AWI<br><br>**ORDER ON CONFIDENTIAL MATERIALS** |

　　　Plaintiff Douglas Stevenson, who is proceeding in forma pauperis, Doc. No. 4, filed this action through his counsel, Laurie Wilmore and Meredith Fahn ("Stevenson's Counsel"), on December 6, 2016, seeking damages under 42 U.S.C. § 1983 and state law for harms allegedly suffered during his incarceration at the California Correctional Institute ("CCI") in Tehachapi, California. Doc. No. 1.

　　　On February 13, 2022, Stevenson's Counsel filed an unopposed motion to withdraw on the grounds that they had been terminated and that, in any event, they could no longer provide effective representation to Stevenson. Doc. No. 219. On February 24, 2022, the Court issued an order granting the motion to withdraw on the condition that Stevenson's Counsel continue to provide representation to Stevenson in connection with the question of his access, as a pro se litigant, to records designated as "Confidential Materials" (essentially, "Attorneys Eyes Only") under the Stipulated Protective Order in this case. Doc. Nos. 48, 223.

　　　Stevenson's Counsel filed a letter brief addressing "Confidential Materials" on February 25,

2022, Doc. No. 224; counsel for Defendants filed a letter brief on March 7, 2022, Doc. No. 229; and the Court heard argument on the matter on March 14, 2022. See Doc. Nos. 222, 228.

The letter brief prepared by Stevenson's Counsel contains a table identifying by name and Bates-range the documents designated as "Confidential Materials" that Stevenson's Counsel contends should be made available to Stevenson, despite the terms of the Stipulated Protective Order. Defendants' responsive letter brief sets forth a modified version of that table, including Defendants' position as to each of the documents placed at issue in Stevenson's letter brief.

It appears that Defendants are seeking to withhold only two documents based on the "Confidential Materials" designation in the Stipulated Protective Order, Doc. No. 48: (i) a Use of Force Workbook (CONFID 37-111) and (ii) a document regarding procedure for escorting prisoners ("Escort Procedure") (CONFID 112-121). Defendants also asked that social security numbers be redacted from a document containing in service training records for various prison personnel (CONFID 122-170). See Doc. No. 229 at 16-17.

The letter brief filed by Stevenson's Counsel states as follows with respect to the Escort Procedure: "Relied on by Expert Fulks even if not specifically noted in his report; impeachment." Doc. No. 224 at 5-6. "Expert Fulks" refers to Daniel Fulks, who prepared an expert report regarding use of force on Stevenson's behalf. Doc. No. 80-3 at 147. At the March 14, 2022 hearing, Stevenson's counsel did not address the Use of Force Workbook or the redaction of social security numbers, but argued that the Escort Procedure should be provided to Stevenson because it goes directly to his claims; has already been heavily redacted; and does not contain particularly sensitive information

Defendants argue as follows with respect to the Escort Procedure:

> This document discusses specific methods for conducting escorts of inmates housed in the Security Housing Unit, and specific methods used to control dangerous inmates. Dissemination of this information to former inmates could result in the wide sharing of this information to current inmates, and could compromise the effectiveness of CDCR's methods of conducting escorts, and to control dangerous inmates during escorts. Defendants assert that this document is protected by the Official-Information Privilege and implicates serious safety and security concerns at CDCR institutions.

Doc. No. 229 at 16.

In the Ninth Circuit, once a protective order has been entered, a party seeking to modify the protective order carries the initial burden of showing "good cause" for modification. <u>Gerawan Farming, Inc. v. Prima Bella Produce, Inc.</u>, 2011 WL 2516224, at *1 (E.D. Cal. June 22, 2011). To establish "good cause," the party seeking modification must, at the threshold, demonstrate how the protective order will prejudice its case. <u>Intel Corp. v. VIA Techs., Inc.</u>, 198 F.R.D. 525, 528 (N.D. Cal. 2000) (motion to modify protective order denied where moving party "failed to demonstrate how the protective order actually could have or did prejudice its case")."If the moving party meets its burden, the court must then balance the need for modification against any risk of injury to the non-moving party …." <u>Gerawan</u>, 2011 WL 2516224 at *1. Thus, the party seeking disclosure of information that would otherwise be confidential, "bears the burden of establishing a sufficient need for the information which outweighs the risk of injury" identified by the party opposing modification of a protective order. <u>Intel</u>, 198 F.R.D. at 528.

The Court finds the concerns raised by Defendants to be weighty and plausible, and scanning the Fulks report, the Court cannot readily see where Fulks relies (directly or indirectly) on the Escort Procedure. The Court therefore finds that Stevenson has failed to show good cause for modifying the Stipulated Protective Order to give him access to the Escort Procedure, or that the risk of prejudice to him in the prosecution of his claims outweighs the operational and safety risks identified by Defendants.

The same analysis applies to the Use of Force Workbook—which implicates similar operational and safety risks—except that Defendants have shown no justification for withholding three pages from the Use of Force Workbook as to which the Court already lifted the Stipulated Protective Order and that have already been filed without sealing in this case. <u>See</u> Doc. No. 94 (lifting the Stipulated Protective Order as to pages 9-10 and 54 of the Use of Force Workbook (CONFID 050-051 and 095); Doc. No. 95 (filing same without sealing).

Finally, redaction of social security numbers in training records is plainly warranted. <u>See</u> <u>Buchanan v. Santos</u>, 2011 WL 2112475, at *5 (E.D. Cal. May 26, 2011) (privacy rights outweigh any interest in access to such information).

//

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Stevenson's Counsel shall immediately provide to Stevenson all records that Defendants state are "OK to produce to Plaintiff" in the table at pages 2-16 of Defendants' March 7, 2022 letter brief (Doc. No. 229);

2. Stevenson's Counsel shall provide to Stevenson the three pages of the Use of Force Workbook (pages 9-10 and 54 (CONFID 050-051 and 095)) as to which the Court has already lifted the Stipulated Protective Order, see Doc. No. 94, and that have already been filed without sealing in this action, see Doc. No. 95;

3. No other portions of the Use of Force Workbook (CONFID 37-111) shall be provided to Stevenson;

4. No portion of the Escort Procedure (CONFID 112-121) shall be made available to Stevenson;

5. Stevenson's Counsel shall immediately provide to Stevenson the "In Service Training (list) records" in the Bates-range CONFID 122-170, **except that all social security numbers (and all portions of social security numbers) therein must first be completely and irreversibly redacted**; and

6. Upon completion of the foregoing, Stevenson's Counsel may file a declaration, with an accompanying proposed order, stating that they have fulfilled all obligations set forth here and are therefore relieved of any duty to provide additional representation to Stevenson in this matter.

IT IS SO ORDERED.

Dated:   March 14, 2022                               _____
                                                      SENIOR DISTRICT JUDGE