<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA</td></tr>
<tr><td>
STEVENSON,<br><br>
          Plaintiff,<br><br>
   v.<br><br>
HOLLAND, et al.,<br><br>
          Defendant.
</td><td>
CASE NO. 1:16-CV-01831-AWI<br><br>
**INFORMATIONAL ORDER TO PRO SE PLAINTIFF REGARDING PROCEDURES FOR SUBPOENAING TRIAL WITNESSES fsfd**<br><br>
**Telephonic Trial Confirmation Hearing:**<br><br>
**March 21, 2022<br>1:30 PM<br>Dial-In Number: 1-888-273-3658<br>Access Code: 9032180**<br><br>
**Jury Trial:**<br><br>
**April 5, 2022<br>8:30 AM<br>Courtroom 2**
</td></tr>
</table>

Plaintiff Douglas Stevenson, who is proceeding in forma pauperis, Doc. No. 4, filed this action through his counsel of record, Laurie Wilmore and Meredith Fahn ("Plaintiff's Counsel") on December 6, 2016, seeking damages under 42 U.S.C. § 1983 and state law for harms allegedly suffered during his incarceration at the California Correctional Institute ("CCI") in Tehachapi, California. Doc. No. 1. Plaintiff's Counsel and counsel for Defendants filed a Joint Pretrial Statement on January 16, 2020, Doc. No. 100, and the Court issued a Pretrial Order on January 27, 2020, setting forth, *inter alia*, a trial date and various deadlines relating to trial preparation. Doc. No. 108.

1  Subsequent orders were issued vacating and re-setting such dates. See, e.g., Doc. Nos. 155,
2 156. On December 1, 2020 and September 23, 2021, the Court issued orders on the parties' motions
3 in limine. Doc. Nos, 180, 204. On December 16, 2021, the Court issued a Revised Pretrial Order
4 setting a trial confirmation conference and (to the extent necessary) motion hearing for March 21,
5 2022 and setting trial for April 5, 2022. Doc. No. 213. The Revised Pretrial Order also set various
6 deadlines relating to trial preparation, including, for example, a February 14, 2022 deadline for
7 filing any additional motions in limine; a February 28, 2022 deadline for the parties to pre-mark and
8 examine each other's exhibits; and a voluntary March 7, 2022 deadline for submitting trials briefs.
9 Id.

10  On February 13, 2022, Plaintiff's Counsel filed an unopposed motion to withdraw on the
11 grounds that they had been terminated and that, in any event, they could no longer provide
12 reasonably effective representation to Plaintiff. Doc. No. 219. The Court held a hearing on that
13 motion on March 22, 2022. Doc. No. 222. At the hearing, Plaintiff confirmed that he wished to
14 proceed pro se and stated that he could be prepared to go to trial as early as April 8, 2022. Plaintiff
15 further stated that he needed assistance from the Court in serving subpoenas on approximately 10
16 trial witnesses.

17  On February 24, 2022, the Court issued an order granting Plaintiff's Counsel's motion to
18 withdraw subject to the condition that Plaintiff's Counsel continue to provide representation to
19 Plaintiff in connection with the question of his access to records designated as "Confidential
20 Materials" under the Stipulated Protective Order in this case. Doc. No. 223. Plaintiff's Counsel filed
21 a letter brief addressing "Confidential Materials" on February 25, 2022; counsel for Defendants
22 filed a letter brief on March 7, 2022; and the matter was taken under submission on March 14,
23 2022, with a written order to follow shortly. See Doc. Nos. 222, 228.

24  All of the dates in the Revised Pretrial Order—including the March 21, 2022 date for the
25 trial confirmation conference and the April 5, 2022 date for the start of trial—currently remain in
26 effect. Doc. No. 213.

27  **The Court issues this informational order to advise Plaintiff in advance off the March**
28 **21, 2022 trial confirmation conference that Plaintiff will be required to make a particularized**

**showing in order to obtain the attendance of witnesses at trial.  The procedures and requirements for making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>  - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison or state hospital identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the

prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>  -  It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  **In addition, the**

4

**party seeking the witness's presence must tender an appropriate sum of money for the witness.  Id.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.**

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the court in writing of the name and location of each unincarcerated witness.  The court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

Plaintiff should be prepared to provide the Court at the March 21, 2022 trial confirmation conference with a detailed explanation of his need for trial witnesses in each of the foregoing categories and, as applicable, his ability to pay for such witnesses—so that the parties and the Court may examine the potential implications for the trial date in this case.

IT IS SO ORDERED.

Dated:   March 14, 2022                                             _____
                                                                                         SENIOR DISTRICT JUDGE