# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVENSON,<br><br>    Plaintiff,<br><br>v.<br><br>HOLLAND, et al.,<br><br>    Defendant. | CASE NO. 1:16-CV-01831-AWI-BAK<br><br>**SUPPLEMENTAL INFORMATIONAL ORDER TO PLAINTIFF REGARDING PROCEDURES FOR SUBPOENAING TRIAL WITNESSES** |

Plaintiff Douglas Stevenson, who is proceeding *pro se* and *in forma pauperis* in this action, requested the Court's assistance in subpoenaing trial witnesses after the Court granted a motion to withdraw brought by Stevenson's counsel. This order addresses that request.

## **STEVENSON'S CLAIMS**

Stevenson filed this action on December 6, 2016, seeking recovery for harms he allegedly suffered during his incarceration at the California Correctional Institute ("CCI") in Tehachapi, California. Doc. No. 1.

Stevenson makes allegations regarding three incidents. First, Stevenson alleges that Correctional Officers J. Dunnahoe and R. Valverde improperly used pepper spray on him in his jail

cell on November 11, 2012. Second, Stevenson alleges that, immediately following the pepper-spray incident on November 11, 2012, Correctional Officer M. Crotty escorted him to a holding cell with his hands handcuffed behind his back; pushed his hands up his back on the way to the holding cell; and rammed his face into the gate at the back of the holding cell upon entry. Third, Stevenson alleges that Crotty repeatedly struck his left leg during a fight on December 7, 2012 that took place as Crotty was escorting Stevenson back from the shower in handcuffs. According to Stevenson, other correctional officers "piled on" for a few minutes and the incident was witnessed by Correctional Officer C. Gonzales and Correctional Officer A. Cantu. One or more bones in Crotty's hand were broken, while Stevenson sustained an abrasion, a scratch, a bruise, discoloration and swelling in his left thigh.

Stevenson has claims under 42 U.S.C. § 1983 for excessive force in violation of the Eighth Amendment against Crotty in connection with the November 11, 2012 holding-cell incident and the December 7, 2012 beating incident, plus claims under 42 U.S.C. § 1983 for failure to intervene in violation of the Eighth Amendment against Gonzales and Cantu in connection with the December 7, 2012 beating incident. Claims arising from the pepper-spray incident (including claims against Dunnahoe and Valverde) have been dismissed, although the Court determined in deciding the parties' motions in limine that facts relating to dismissed claims and defendants can be used at trial for purposes other than referring to the proceedings in this case. See Doc. No. 180 at 19–20.[1]

## **PROCEDURAL HISTORY**

Stevenson was originally represented by counsel in this action. See Doc. No. 1. On February 24, 2022, the Court conditionally granted a motion to withdraw by Stevenson's counsel, Doc. No. 223, and on March 18, 2022, the Court issued an order fully relieving Stevenson's counsel of their duties in this case. Doc. No. 235.

On March 14, 2022, the Court issued an Informational Order for Steveson, as a *pro se* plaintiff proceeding *in forma pauperis*, addressing procurement of witnesses and other aspects of proceeding to trial without counsel. Doc. No. 232. That order provided, *inter alia*, that "Plaintiff

---

[1] Page number citations are to the page number in the CM/ECF stamp at the top of each page of documents on the Court's electronic docket.

1  will be required to make a particularized showing in order to obtain the attendance of witnesses at
2  trial" and sets forth the "procedures and requirements" for making that showing as to four
3  categories of witnesses: (1) incarcerated witnesses who agree to testify voluntarily; (2) incarcerated
4  witnesses who have not agreed to testify voluntarily; (3) unincarcerated witnesses who agree to
5  testify voluntarily; and (4) unincarcerated witnesses who have not agreed to testify voluntarily. Id.
6  at 2:27-3:24. In addition, the Court addressed witness procurement with Stevenson at a March 21,
7  2022 telephonic trial confirmation hearing and vacated the April 5, 2022 trial date to allow
8  Stevenson additional time to arrange for witnesses. See Doc. No. 237.

9        In broad strokes, the Informational Order provides that Stevenson must bring a motion to
10 subpoena incarcerated witnesses through the Court. See Doc. No. 232 at 3:11-4:21. As to witnesses
11 who are not incarcerated and who have not agreed to testify voluntarily, Stevenson must provide the
12 Court with the name and location of each prospective witness, as well as "a detailed explanation of
13 his need" for the witness such that the Court can determine whether the witness's testimony would
14 be relevant to Stevenson's claims and nonduplicative of testimony provided by other witnesses. Id.
15 at 4:26-5:12. Further, Stevenson must pay a witness fee ($40 per day) and travel expenses as
16 calculated by the Court, for each involuntary, unincarcerated witness. Id.

17       On or about April 15, 2022, the Court received and docketed a proposed list of witnesses
18 from Stevenson (the "April 15 Witness List"), identifying 19 witnesses and providing certain
19 information regarding their prospective testimony. Doc. No. 240.

20       At a status conference held on April 25, 2022, Stevenson informed the Court that he wished
21 to add additional witnesses to his list. The Court directed him to mail a supplement to the Court and
22 Defendants on or before May 23, 3022. Doc. No. 241. Further, the Court informed Stevenson that
23 the April 15 Witness List does not comply entirely with the requirements set forth in the
24 Informational Order and that the Court would issue this Supplemental Informational Order to assist
25 him in addressing deficiencies in the April 15 Witness List and preparing supplements to the April
26 15 Witness List. Id. Another telephonic status conference regarding trial witnesses as been set for
27 June 6, 2022. Id.

28 //

**DISCUSSION**

In addressing the April 15, 2022 Witness List, the Court will start with witnesses employed (or previously employed) with CCI (the "CCI Witnesses") and then turn to the other types of witnesses on Stevenson's list.

*CCI Witnesses*

As docketed on April 15, 2022, Stevenson's witness list includes, *inter alia*, CCI's former warden (K. Holland); 10 current or former CCI officers (A. Cantu, K. Campbell, J. Dunnahoe, S. Foster, R. Frye, C. Gonzales, J. Lundy, C. Riley, R. Sanchez and V. White), and two registered nurses (J. Stewart and R. Glover) who were apparently employed by CCI at the time of the events in question here. Doc. No. 240.

These witnesses seem to fall in the involuntary, unincarcerated witness category in the Informational Order. See Doc. No. 232 at 4:26-5:12. Stevenson's list is deficient in that it lacks addresses, as well as first names, for these witnesses, and in several cases does not provide sufficient—"detailed"—information for the Court to determine whether testimony would be relevant and nonduplicative. Also, Stevenson has not shown to what extent, if any, he is prepared to cover witness fees and travel expenses for CCI Witnesses.

The Court notes that, in addition to being CCI personnel, all the CCI Witnesses but for K. Holland and K. Campbell also appear on Defendants' witness list. See Doc. No. 213 at 32:7-34:10. Names and addresses of personnel employed in correctional institutions are often kept confidential for reasons relating to safety and privacy. Further, the Court has an interest in avoiding unnecessary costs. Consequently, the defense sometimes agrees, in cases such as these, to facilitate service (by accepting service or by providing names and addresses on a confidential basis *in camera*) or to produce witnesses at trial. The Court will therefore ask defense counsel at the June 6, 2022 status conference to what extent, if any, they are willing to assist in service of CCI Witnesses or to produce CCI Witnesses at trial.

Stevenson, for his part, is ordered to supplement the April 15 Witness List with additional detail regarding the testimony to be provided by each CCI Witness, in addition to addressing his ability to cover witness fees and travel costs for CCI Witnesses in the event it is necessary to do so.

Such supplement shall be signed by Stevenson and mailed to the Court and Defendants on or before May 23, 2022.

*Inmate Witnesses*

Stevenson appears to identify two inmates as potential witnesses on the April 15 Witness List—William Frank Shaw and George Jacobs.

Stevenson states that Shaw will testify voluntarily. Doc. No. 240 at 4. Assuming that is the case, Stevenson must file a motion for Shaw's attendance at trial, consistent with the protocols set forth on pages 3-4 of the Informational Order under the heading "Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily." Doc. No. 232 at 3:11-4:16. Stevenson is ordered to review those protocols thoroughly and to inform the Court at the June 6, 2022 status conference when he intends to file the required motion and related documents.

The Court sees no indication that Jacobs, the other inmate witness, has agreed to testify voluntarily. Assuming that is the case, Stevenson must follow the motion protocols set forth at page 4 of the Informational Order under "Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily." Doc. No. 232 at 4:17-21. Otherwise, the protocols referenced in the preceding paragraph for voluntary incarcerated witnesses apply. Again, Stevenson is ordered to review the applicable protocols thoroughly and inform the Court at the June 6, 2022 status conference when he intends to file the required motion.

*Other Witnesses*

In addition to the witnesses discussed above, Stevenson wishes to subpoena "the [doctor] from the hospital in Tehachapi that treated [Correctional Officer] Cortty['s] hand on 12/7/2012"; "the [doctor] from that hand place where he had to go to after he was off work"; his former attorney, Laurie Wilmore; and possibly his excessive force expert, Daniel Fulks.

It appears that none of these witnesses is incarcerated, employed by CCI or on Defendants' witness list. Thus, if they are willing to testify voluntarily, no involvement is required on the Court's part. If they have not agreed to testify voluntarily, however, Stevenson must supply—for all four witnesses—names, addresses and information sufficiently detailed for the Court to determine whether their respective testimony is relevant to Stevenson's claims and nonduplicative of

testimony offered by others. Further, Stevenson must be able to cover the witness fee and travel expenses for each witness.

Stevenson shall mail a signed supplement addressing these issues to the Court and the Defendants by May 23, 2022.

IT IS SO ORDERED.

Dated:   April 29, 2022

SENIOR  DISTRICT  JUDGE