**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS J. STEVENSON, <br><br> Plaintiff, <br><br> v. <br><br> K. HOLLAND, et al., <br><br> Defendant. | CASE NO. 1:16-CV-01831-AWI-BAK <br><br> **ORDER DENYING MOTION TO APPOINT COUNSEL** <br><br><br> (Doc. No. 245) |

This action is brought pursuant to 42 U.S.C. § 1983. See Doc. No. 213 at 1. Plaintiff Douglas Stevenson is proceeding pro se and in forma pauperis. Stevenson filed a motion to appoint counsel on June 13, 2022, Doc. No. 245, and Defendants M. Crotty, C. Gonzales and A. Cantu filed an opposition to the motion on June 28, 2022. Doc. No. 247. No hearing date was noticed for the motion and no reply has been filed. The Court deems the motion to be fully briefed and suitable for decision without oral argument. See E.D. Cal. L.R. 230(g).

Plaintiff does not have a constitutional right to appointed counsel in this action, Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions." (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981)); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) ("There is no constitutional right to appointed counsel in a § 1983 action."), and the Court does not otherwise have the power to order an attorney to represent him. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 301-02 (1989). 28 U.S.C. § 1915(e)(1)—which addresses proceedings in forma pauperis—provides that a "court may request an attorney to represent any person unable to afford counsel," but the Ninth Circuit has expressly "limited the exercise of that power to exceptional circumstances." Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). "To

decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525.

Stevenson does not address either of these factors in his motion (which substantively consists of a single sentence), and the Court is unable to make a determination, based on its review of the record, as to the likelihood that Stevenson will prevail on his claims. Further, this is a straightforward excessive force action based on a limited series of events over a brief period of time; Stevenson himself made the determination several months ago that he did not need counsel (after being advised by the Court of challenges associated with self-representation); and the Court took measures before Stevenson's counsel withdrew to ensure that Stevenson was provided with a complete case file (as developed by counsel). See Doc. No. 223 at 1:20-28, 5:9-6:4. Similarly, Stevenson has repeatedly stated that he is ready for trial and has indicated that he only intends to offer three witnesses (other than himself) at trial. The Court therefore cannot find that Stevenson is unable to articulate his claims adequately as a pro se litigant.

In short, Stevenson has failed to show that well-settled requirements for seeking counsel under § 1915(e)(1) have been satisfied, see Palmer, 560 F.3d at 970 (9th Cir. 2009) (burden of demonstrating exceptional circumstances is on the plaintiff), and the Court sees nothing on the record indicating "exceptional" difficulties that differ from those "which any litigant would have in proceeding pro se." See Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

The motion will therefore be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (Doc. No. 245) is DENIED.

IT IS SO ORDERED.

Dated:   July 19, 2022                          _____
                                                SENIOR DISTRICT JUDGE