# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS J. STEVENSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. HOLLAND, et al.,<br><br>　　　　Defendant. | CASE NO. 1:16-CV-01831-AWI-BAK<br><br>**ORDER DENYING MOTION TO BRING WITNESS TO TRIAL WITHOUT PREJUDICE**<br><br>(Doc. No. 246) |

　　This action is brought pursuant to 42 U.S.C. § 1983. See Doc. No. 213 at 1. Plaintiff Douglas Stevenson is proceeding pro se and in forma pauperis. On June 13, 2022, Stevenson filed a motion to bring William Frank Shaw to trial as a witness. Doc. No. 246. Defendants M. Crotty, C. Gonzales and A. Cantu filed an opposition to the motion on June 28, 2022. Doc. No. 248. No hearing date was noticed for the motion and no reply has been filed. The Court deems the motion to be fully briefed and suitable for decision without oral argument. See E.D. Cal. L.R. 230(g).

　　Substantively, Stevenson's motion reads, in its entirety, as follows:

> I'm filing this motion to request the inmate William Shaw CDC #F26249 be removed and brought to testify in a 1983 civil lawsuit.

Doc. No. 246. The motion also contains Shaw's prison and mailing address, but there is no declaration. Id.

　　Defendants argue the motion should be denied because Stevenson "has failed to follow the Court's instructions to seek the appearance" of Shaw and because Stevenson "has failed to establish

1 that [] Shaw is willing to appear at trial, or that he has relevant and personal knowledge of the
2 issues in this case." Doc. No. 248 at 1:22-25.

3       The Court agrees with Defendants. On March 15, 2022, the Court issued an Informational
4 Order to Pro Se Plaintiff Regarding Procedures for Subpoenaing Trial Witnesses that expressly set
5 forth the procedures required to secure incarcerated witnesses for trial, including procedures for
6 obtaining the attendance of incarcerated witnesses who agree to testify voluntarily. See Doc. No.
7 232 at 3:11-4:16. That order also states as follows:

> **The Court issues this informational order to advise Plaintiff in advance of the March 21, 2022 trial confirmation conference that Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses at trial. The procedures and requirements for making such a showing are outlined in detail below. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

12 Id. at 2:27-3:4 (emphasis original).

13       On April 15, 2022, Stevenson submitted an unsigned request for witnesses ("April 15, 2022
14 Witness List") that did not comply with the March 15, 2022 Informational Order. Doc. No. 240.
15 The Court informed Stevenson verbally at a April 25, 2022 status conference that his April 15, 2022
16 submission was noncompliant and insufficient, Doc. No. 241, and on April 29, 2022, the Court
17 issued a Supplemental Informational Order to Plaintiff Regarding Procedures for Subpoenaing Trial
18 Witnesses. Doc. No. 242.

19       As to the witness at issue here—William Frank Shaw—the April 29, 2022 Supplemental
20 Informational Order states as follows:

> Stevenson states that Shaw will testify voluntarily. Doc. No. 240 at 4. Assuming that is the case, **Stevenson must file a motion for Shaw's attendance at trial, consistent with the protocols set forth on pages 3-4 of the Informational Order under the heading "Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily."** Doc. No. 232 at 3:11-4:16. Stevenson is **ordered to review those protocols thoroughly** and to inform the Court at the June 6, 2022 status conference when he intends to file the required motion and related documents.

26 Doc. No. 242 at 5:6-11 (emphasis added).

27       The topic of Shaw's testimony was further addressed at the June 6, 2022 status conference.
28 At that status conference, the Court again advised Stevenson of the importance of establishing that

incarcerated witnesses are willing to testify and have personal knowledge of relevant facts before bringing them to trial. Stevenson assured the Court (without offering specifics) that Shaw had information and wanted to testify, in addition to making an oblique reference to a letter of some sort signed by Shaw.

This exchange—coupled with the information on the witness list Stevenson filed on April 15, 2022[1]—leads the Court to believe that Shaw may be a willing witness with admissible testimony. The April 15, 2022 Witness List, however, is not signed by Stevenson (let alone signed under penalty of perjury) and does not provide enough information regarding the nature of—or basis for—Shaw's prospective testimony for the Court to make an informed determination as to its relevance or admissibility. Moreover, the Court cannot permit Stevenson to flout Court orders or well-settled protocols in this area.

This motion will therefore be denied. **The Court will, however, entertain one more motion on this issue** if Stevenson files it in a timely fashion and complies with the protocols set forth on pages 3-4 of the March 15, 2022 Informational Order. Doc. No. 232.

Specifically, Stevenson must file two pieces of paper with the Court **by August 5, 2022**:

1. A short **motion a)** requesting (as Stevenson does in the motion at issue here) that Shaw be brought to testify at trial and **b)** providing (as Stevenson has in the motion at issue here) Shaw's name, address and prison identification number; and

2. A short **declaration** (a statement, typically on a separate piece of paper) **signed by Stevenson under penalty of perjury** stating: **a)** Shaw is willing to testify at trial voluntarily; **b)** the basis for Stevenson's knowledge that Shaw will voluntarily testify at trial (for example, Shaw told Stevenson that he is willing to testify at trial, including where and when any such conversation took place and what was said); **c)** what Shaw will say in his testimony and how Shaw's testimony relates to Stevenson's claims; and **d)** how Shaw acquired the knowledge for his testimony (for example, Shaw witnessed events, with facts showing how it was that Shaw came to witness such events).

---

[1] The April 15, 2022 Witness List states that Shaw "need[s] to come because he is the [inmate] that [Correction Officer] Crotty said was in Cell A(105) on 12/7/2012 that tried to give [Stevenson] a book." Further Stevenson states that Shaw told him and his former attorney, Laurie Wilmore, that "[h]e will come."

3

    The declaration (the signed / sworn statement accompanying the motion) does not have to be lengthy, but Stevenson is again advised that he must set forth enough facts in the declaration to give the Court a basis to conclude that: 1) Shaw is **willing** to attend / testify at trial; and 2) Shaw has **firsthand knowledge of facts relevant to Stevenson's claims**. See Doc. No. 232 at 3:14-16. A copy of the signed letter Stevenson supposedly has from Shaw may also be helpful to the Court in deciding the motion.

    Finally, to satisfy the "penalty of perjury" requirement, Stevenson should include language such as the following before his signature on the declaration (if, in fact, Stevenson's statements are truthful and he intends to make them under penalty of perjury): "**I declare under penalty of perjury that the foregoing is true and correct. Signed on [DATE], at [CITY], [STATE].**"

    If Stevenson fails to substantially comply with foregoing requirements (or, alternatively, other protocols set forth on pages 3-4 of the March 15, 2022 Informational Order involving sworn statements from Shaw himself) in filing a second motion, the motion will be denied with prejudice (meaning the Court will not entertain any additional motions to bring Shaw to trial as a witness).

## **ORDER**

Accordingly, it is HEREBY ORDERED THAT:

1. Plaintiff's motion to bring William Frank Shaw to trial to testify (Doc. No. 246) is DENIED WITHOUT PREJUDICE to filing a second motion to bring Shaw to trial as a witness consistent with the requirements set forth in this Order;
2. Defendants will have 7 days from the date of service of any second motion to file an opposition;
3. Plaintiff will have 7 days from the date of service of any opposition to file a reply in further support of his motion.

IT IS SO ORDERED.

Dated:   July 19, 2022                   /s/ signature

                                       SENIOR DISTRICT JUDGE